UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DONALD BLANTON,
a citizen and resident of North Carolina,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DONALD BLANTON, a citizen and resident of North Carolina, hereby files this Amended Complaint against Defendant CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES ("Defendant CARNIVAL"), and alleges the following:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, DONALD BLANTON, is a resident and citizen of North Carolina, and is otherwise *sui juris*.

3. Defendant, CARNIVAL, is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

1

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

4. At all material times Defendant CARNIVAL CORPORATION, LLC was operating under the fictious name "CARNIVAL CRUISE LINES" ("CARNIVAL").

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a resident and citizen of North Carolina, while Defendant is a citizen of Panama and Florida. The damages and injuries suffered by Plaintiff as alleged in Paragraphs 15 and 21 below, including a severe burn and complicating infection ultimately resulting in amputation of Plaintiff's right leg, support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant CARNIVAL was, and is, engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, Defendant CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

9. Venue is also proper because Defendant CARNIVAL's principal place of business is located within this judicial district.

10. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant CARNIVAL with timely notice as required by the ticket contract.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

11. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S HORIZON ("HORIZON").

12. At all material times, Defendant CARNIVAL operated, managed, maintained and was in exclusive control of the HORIZON.

13. On September 18, 2023, Plaintiff was a fare paying passenger aboard the HORIZON and in that capacity was lawfully present aboard the vessel.

14. On September 18, 2023, Plaintiff was walking on a passenger walkway on the outside upper deck of the HORIZON, when he unexpectedly encountered an uncovered open deck area with a deck surface that was extremely hot due to its direct exposure to the sun. The walkway was dangerously hot, but not noticeably so to someone not inspecting the surface for the purposes of detecting issues with the walkway surface temperature, since the temperature of the deck surface was not visually apparent and its unusually high temperature not reasonably anticipated by or foreseeable to an ordinary reasonable passenger not familiar with the characteristics of the surfacing material.

15. The deck surface on the passenger walkway referenced in the preceding paragraph was so hot that as soon as Plaintiff's, foot made contact with the surface, he felt immediate pain and sustained serious injuries; these included severe burns on the bottom of his right foot, which led to a severe infection that ultimately required a surgical amputation of his right leg. There were no signs or markings to warn passengers, including Plaintiff, of the unusually and dangerously hot deck surface, which was visually concealed and indistinguishable from the surrounding floor that was not directly exposed to the heat of the sun.

16. At all material times a dangerous condition existed on the floor referenced in Paragraph 14 above, to-wit: a dangerously hot walkway floor surface on the Outside Upper Deck of the HORIZON. The dangerously hot walkway presents a hazard that is not open and obvious to passengers, including Plaintiff, who cannot reasonably perceive any visual cues as to the temperature of the deck surface, since it was visually indistinguishable in color and appearance from the surrounding surface.

17. CARNIVAL directly participated in and approved the designs for the exterior areas of the subject vessel, including the selection of deck surfacing materials for the public areas onboard the ship, including the deck surface of the uncovered walkway referenced in the preceding three paragraphs.

18. CARNIVAL knows or in the exercise of reasonable care should know that a failure adequately to alert passengers to dangerously hot deck surfaces on exterior passenger walkways creates a hazardous condition for passengers, including a risk of burns such as the burns Plaintiff sustained, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) to alleviate the known risk, including but not limited to the placement of warnings and caution signs and/or other physical indicators to alert passengers to dangerously hot deck surfaces and ultimately to minimize the risk of the very injury suffered by Plaintiff as alleged herein. Upon information and belief, these internal standards were created and/or approved of by CARNIVAL and provide circumstantial or direct evidence that. CARNIVAL at all material times knew of the hazard posed by dangerously hot uncovered deck surfaces on common upper deck exterior passenger walkways.

19. At all material times prior to September 18, 2023, CARNIVAL had actual and/or constructive notice of the dangerous condition described in Paragraphs 14 through 18 above

because dangerously hot deck surfaces on common passenger walkways are a repetitive and recurring issue on CARNIVAL cruise ships fleetwide. Specifically, CARNIVAL was aware of prior burn incidents caused by dangerously hot exterior deck surfaces on passenger walkways located on upper decks on multiple cruise ships in CARNIVAL's fleet, including, but not limited to the following instances:

    a. On May 29, 2014, cruise passenger G. G. burned a foot while walking on an exposed deck surface on the upper deck of the CARNIVAL "SUNSHINE".

    b. On September 14, 2014, cruise passenger J.L.A. burned a foot walking on the exterior Lido Deck onboard the CARNIVAL "BREEZE".

    c. On October 25, 2012, cruise passenger K.G. burned a foot while walking on the exterior Lido Deck of the M/S "LEGEND".

    d. On April 14, 2022, cruise passenger R. M. burned a foot while walking on an exposed area of the pool deck of the CARNIVAL "VISTA".

    e. On June 6, 2013, cruise passenger M. S. burned buttocks after sitting on an exposed pool deck surface of the CARNIVAL "VICTORY".

20. Further, as a result of the high traffic nature of this exterior passenger walkway, its status as a designated evacuation route, and the possible hazards flowing therefrom, a number of agencies have developed safety standards and regulations applicable to this or similar passenger exterior walkways, specifically related to dangerously hot floor surfaces and the required warnings near their presence. The standards in and of themselves constitute supplemental constructive notice that conditions in violation of the standards are hazardous, a fact which is exacerbated by prior incidents revealing to CARNIVAL that the dangerously hot condition of the walkway exterior floor surface was in fact deficient in these areas. Such further notice is evinced by the following:

a. The subject common area pedestrian exterior walkway was a designated handicap accessible route which CARNIVAL is required to keep free of obstacles in accordance with industry guidelines, including but not limited to the ADA;

b. The common area exterior pedestrian walkway was a designated evacuation route which CARNIVAL is required to keep free of obstacles in accordance with industry guidelines, including but not limited to the International Maritime Organization (IMO) and Safety of Life at Sea Act ("SOLAS"), including SOLAS Part C, Regulation 13, subpart 1.1 "safe escape routes shall be provided.") and subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.");

c. SOLAS regulation II-2/13 which requires CARNIVAL to conduct an analysis of evacuation on cruise ships in order to identify and eliminate potential hazards;

d. Other industry standards, which CARNIVAL knew or should have known, applicable to providing and maintaining safe walkways and floor materials on its cruise ships, including the HORIZON, under ASTM, the American National Standards Institute (ANSI), and the ISM Code and Regulations.

21. As a direct and proximate result of the burn incident described in Paragraphs 14 and 15 above, the Plaintiff was injured in and about his body extremities, sustaining injuries including a severely burned right foot, requiring surgical amputation of his right leg, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of his injuries. The Plaintiff has also suffered lost wages and benefits in the past and a loss of future earning capacity.  These damages are

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624 Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

22. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 21 above and further alleges:

23. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the common exterior passenger walkways on the upper deck of the HORIZON where Plaintiff's foot was burned in a reasonably safe condition.

24. On September 18, 2023, Plaintiff was walking on the upper deck of the HORIZON when his foot was burned on the exposed deck surface as described in Paragraphs 14 and 15 above.

25. At all material times, a dangerous condition existed on the floor as described in Paragraphs 14 through 18 above.

26. CARNIVAL at all material times knew or should have known of the dangerous condition referenced in Paragraphs 14 through 18 above for the reasons described in Paragraphs 16 through 19 above.

27. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

28. On September 18, 2023, CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor where Plaintiff was burned in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

    a. Failing to maintain the floor surface in a reasonably safe manner;

    b. Failing sufficiently to monitor and perform routine inspections of the area where Plaintiff was burned so that the exterior walkway could be used by passengers in a reasonably safe manner;

    c. Failing sufficiently to monitor and perform routine inspections of the area where Plaintiff was burned so that the exterior walkway would be free of dangerous and defective conditions;

    d. Failing sufficiently to monitor and perform routine inspections of the area where Plaintiff was burned so that the walkway would be free of burning hazards;

    e. Failing adequately to maintain the subject area so that it would be free of dangerous and defective conditions;

    f. Failing adequately to maintain the subject area so that it would be free of burn hazards; and/or

    g. Failing to comply with industry standards designed to detect and eliminate potentially hazardous and dangerous conditions, such as the one encountered by Plaintiff, as required by SOLAS and the other standards alleged in Paragraph 20 above.

29. As a direct and proximate result of one or more of CARNIVAL's negligent acts as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 21 above.

**WHEREFORE**, Plaintiff DONALD BLANTON demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – NEGLIGENT FAILURE TO CORRECT

30. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 21 above and further alleges the following matters:

31. At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

32. On September 18, 2023, Plaintiff was walking on the upper deck of the HORIZON when his foot was burned on the exposed deck surface as described in Paragraphs 14 and 15 above.

33. At all material times, a dangerous condition existed on the floor as described in Paragraphs 14 through 18 above.

34. CARNIVAL at all material times knew or should have known of the dangerous condition referenced in Paragraphs 14 through 18 above for the reasons described in Paragraphs 16 through 19 above.

35. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

36. On September 18, 2023, CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to correct the dangerous condition described in Paragraphs 14 through 18 above, and was thereby negligent, in one or more of the following ways:

   a. Failing to inspect and correct the condition of the upper deck of the exterior walkway deck surface in the area where Plaintiff was burned so as to prevent burn hazards;

    b. Failing to rectify, repair, cordon off and/or ameliorate the dangerously hot exterior walkway deck surface of the subject walkway;

    c. Failing to implement and/or enforce adequate policies and procedures to ensure that the deck surface where Plaintiff was burned was safe so as to prevent burns from occurring;

    d. Failing adequately to train its crew to correct and/or remedy burn hazards on the deck surface in the area where Plaintiff was burned;

    e. Failing to correct, replace or repair the design of the exterior walkway deck surface in the subject area to eliminate or ameliorate the dangerously hot surface.

37. As a direct and proximate result of one or more of CARNIVAL's negligent acts as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 21 above.

**WHEREFORE**, Plaintiff DONAL BLANTON demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT FAILURE TO WARN

38. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 21 above and further alleges the following matters:

39. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers of onboard burn hazards its passengers may reasonably be expected to encounter on the HORIZON.

40. On September 18, 2023, Plaintiff was walking on the upper deck of the HORIZON when his foot was burned on the exposed deck surface as described in Paragraphs 14 and 15 above.

41. At all material times, a dangerous condition existed on the floor as described in Paragraphs 14 through 18 above.

42. CARNIVAL at all material times knew or should have known of the dangerous condition referenced in Paragraphs 14 through 18 above for the reasons described in Paragraphs 16 through 19 above.

43. Alternatively, the foregoing conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

44. On September 18, 2023, CARNIVAL breached its duty of reasonable care to Plaintiff and was therefore negligent by failing to warn passengers including the Plaintiff adequately of the dangerously hot condition of the walkway surface, including the area where Plaintiff was burned, and was thereby negligent, in one or more of the following ways:

   a. Failing to warn of the dangerously hot condition of the exterior walkway surface;

   b. Failing to place appropriate signage, markings, stickers, lights, or other visual notices near the dangerously hot exterior walkway deck surface to indicate the dangerous temperature of the surrounding floor surface;

   c. Failure to cordon off the dangerously hot area or otherwise to redirect passenger traffic until the dangerous condition of the deck surface was or could be ameliorated.

45. As a direct and proximate result of one or more of CARNIVAL's negligent acts as described above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 21 above.

**WHEREFORE**, Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: October 8, 2024

/s/*PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749
*Attorneys for Plaintiff*