UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-23898-RAR

DONALD BLANTON,
a citizen and resident of North Carolina,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, ("Carnival"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's First Amended Complaint ("FAC") (ECF No. 24) for failure to state a claim upon which relief can be granted, and in support thereof, states as follows:

## BACKGROUND

This is a maritime personal injury action wherein Plaintiff, DONALD BLANTON ("Plaintiff"), alleges that on or about September 18, 2023, he sustained severe burns to his right foot when he stepped on the floor surface of Deck 15 of the Carnival *Horizon*. (ECF No. 24, ¶ 14). Plaintiff claims that the deck surface was excessively hot due to exposure to the sun. (ECF No. 24, ¶ 14). Plaintiff filed his initial Complaint on October 8, 2024. (ECF No. 1). On December 25, 2024, Carnival filed its Motion to Dismiss Plaintiff's Complaint. (ECF No. 6). In the Motion to

Dismiss, Carnival argued that Plaintiff's Complaint was a shotgun pleading and Plaintiff improperly advanced a negligent mode of operations claim. (ECF No. 6). This Honorable Court granted Carnival's Motion to Dismiss, giving Plaintiff an opportunity to correct the deficiencies in his Complaint. (ECF No. 23).

On May 27, 2025, Plaintiff filed his FAC. (ECF No. 24). Plaintiff's FAC advances three causes of action: Count I - Negligent Maintenance, Count II - Negligent Failure to Correct, and Count III - Negligent Failure to Warn. (ECF No. 24). However, Plaintiff fails to provide sufficient factual allegations to establish Carnival's notice of the alleged dangerous condition. Further, Plaintiff's claims are duplicative. Accordingly, Carnival requests that Plaintiff's First Amended Complaint be dismissed.

## MEMORANDUM OF LAW

### I.      This Action is Governed by U.S. Maritime Law

The present action is substantively controlled by the general maritime law of the United States. Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See*, *e.g.*, Schoenbaum, Thomas J., *Admiralty and Maritime Law* §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line*, Inc., 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the FAC, Plaintiff was injured while a passenger on the Carnival *Horizon*. (ECF No. 24, ¶¶ 14-15).

## II.     Standard for a Motion to Dismiss

In accordance with Fed. R. Civ. P. 12(b)(6), a defendant may file a motion to dismiss a plaintiff's claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A district court may properly dismiss a complaint that rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts" because "unsupported conclusions of law or of mixed fact and law" do not prevent dismissal. *Karacsonyi v. Alvarez*, No. 11-cv-20184, 2011 U.S. Dist. LEXIS 128242, at *11-12 (S.D. Fla. 2011). The allegations must include "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Twombly*, 550 U.S. at 555. Indeed, "a plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-79. When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III.     Plaintiff's FAC Should be Dismissed for Failure to State a Claim

### a. Plaintiff Has Failed to Plead Sufficient Allegations to Establish Carnival's Notice

Plaintiff's FAC should be dismissed because Plaintiff has failed to proffer sufficient factual allegations establishing Carnival's notice of the alleged dangerous condition. Under general maritime law, to prevail on a negligence claim, a plaintiff must establish that: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered

actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Fundamental to direct negligence claims under maritime law is that the defendant must have had actual or constructive notice of the risk-creating condition. *See Holland v. Carnival Corp.*, 50 F. 4th 1088, 1095 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212, 214 L. Ed. 2d 83 (2022); *Keefe*, 867 F.2d at 1322.

"Actual notice exists when the defendant knows about the dangerous condition, and constructive notice exists where 'the shipowner ought to have known of the peril to its passengers.'" *Newbauer*, 26 F.4th at 935 (quoting *Keefe*, 867 F.2d at 1322). As to pleading constructive notice, a plaintiff must "plausibly allege that either: (1) the hazardous condition existed for a sufficient length of time; or (2) substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Holland*, 50 F.4th at 1096 (citing *Keefe*, 867 F.2d at 1322; *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710 (11th Cir. 2019)). Failure to plead factual allegations supporting that the cruise line had notice of the danger raises no more than a "mere possibility of misconduct" that is insufficient to withstand a motion to dismiss. *Moseley v. Carnival Corp.*, 593 Fed. Appx. 890, 893 (11th Cir. 2014). The Eleventh Circuit recently acknowledged its rules about the importance of properly alleging notice in personal injury lawsuits against cruise ships in *Patton v. Carnival Corp.*, 2024 U.S. App. LEXIS 10441, 2024 WL 1886504 (11th Cir. Apr. 30, 2024). Therefore, the pleading hurdles highlighted in *Newbauer* and *Holland* remain vital.

Further, "[a] cruise line does not serve as an insurer and is only liable for its own negligence—not for the mere occurrence of an accident—so long as there is reasonable notice." *Brainard v. NCL (Bah.) Ltd.*, No. 20-20031-Civ, 2020 U.S. Dist. LEXIS 131284, at *5-6 (S.D. Fla. July 22, 2020) (citing *Kermarec*, 358 U.S. at 630-31); *see also Luby v. Carnival Cruise Lines,*

*Inc.*, 633 F. Supp. 40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger."); *Kornberg*, 741 F.2d at 1334 ("A carrier by sea, however, is not liable to passengers as an insurer, but only for its negligence.").

First, Plaintiff appears to allege that Carnival was on notice because "[a]t all material times, a dangerous condition existed on the deck surface . . . specifically the unreasonably and dangerously hot deck surface[.]" (ECF No. 24, ¶ 16). Plaintiff also claims that Carnival was on notice because "the foregoing conditions existed for a sufficient length of time so that [Carnival], in the exercise of reasonable care under the circumstances, should have learned of them and corrected them." (ECF No. 24, ¶¶ 26, 33, 40). However, Plaintiff fails to plausibly allege how long the alleged dangerous condition existed for which is a necessary element to establish that Carnival had constructive notice. "As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours." *Holland v. Carnival Corp.*, Civil Action No. 20-21789-Civ-Scola, 2021 U.S. Dist. LEXIS 4322, at *8 (S.D. Fla. Jan. 11, 2021) *aff'd*, 50 F. 4th 1088.

Second, Plaintiff attempts to establish Carnival's notice of the alleged dangerous condition by claiming that Carnival "directly participated in and approved the designs for the exterior areas of the subject vessel, including the selection of deck surfacing materials for the public areas onboard the ship, including the deck surface of the uncovered walkway[.]" (ECF No. 24 ¶ 17). Plaintiff's allegation appears to contend that Carnival was on notice because it created the alleged dangerous condition by participating in and approving of the design of the subject flooring.

"However, notice cannot be imputed to a cruise ship operator even if the operator created the dangerous condition." *Cruz v. Carnival Corp.*, No. 23-cv-24692-MARTINEZ, 2024 U.S. Dist. LEXIS 210423, at *5 (S.D. Fla. Nov. 18, 2024) (citing *Pizzino v.*

*NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1359 (11th Cir. 1990) (reversing the district court where jury instructions could have allowed a jury to find a ship operator negligent based only on its "mere creation or maintenance of a defect" without any finding of notice)). "Here, even if Plaintiff's conclusory statement that Defendant created the dangerous condition is accepted as true, it does not support Plaintiff's claim that Defendant had actual or constructive notice." *Cruz*, 2024 U.S. Dist. LEXIS 210423, at *5 (citing *Pizzino*, 709 F. App'x at 565-66).

Third, Plaintiff alleges that Carnival was on notice because it developed, created, and/or approved of rules, policies, and procedures to alert passengers to the risk of burning themselves on exterior deck surfaces. (ECF No. 24 ¶ 17). However, Plaintiff's claim does not pass muster. In *Patton*, the Eleventh Circuit upheld dismissal of a claim for failure to adequately plead notice because the company safety documents attached to the complaint, which indicated that thresholds could be dangerous, did not put the company on notice and only "vaguely reference[d] potential dangers related to thresholds." 2024 WL 1886504, at *2. Here, Plaintiff has failed to identify any particular policy and procedure. (ECF No. 24, ¶ 18). Rather, Plaintiff claims in a vague and conclusory manner that Carnival had such policies in place on the date of the alleged incident and were intended "to alleviate the known risk" of "dangerously hot deck surfaces[.]" (ECF No. 24, ¶ 18). Moreover, nowhere does Plaintiff allege that Carnival violated these unspecified policies. (ECF No. 24).

In *Wurdinger v. Carnival Corp.*, the plaintiff alleged that Carnival "had specific, time oriented, repetitive inspection policies to the subject ice cream machine . . . to inspect the machine's operation, to clean up the catch tray, and to clean up spills occurring around and near the subject ice cream vending machines." No. 24-21170-CIV-MARTINEZ, 2024 U.S. Dist.

LEXIS 202484, *6-7 (S.D. Fla. Nov. 6, 2024). However, the Honorable Judge Martinez concluded that the plaintiff failed "to make any factual allegations that the inspection policies were violated thus causing the subject injury." *Id.* at *7. Further, even when a plaintiff provides allegations naming a specific policy courts in this district have held that alone does not establish notice. In *Watson v. Carnival Corp.*, the plaintiff identified Carnival's "Own the Spill" policy. No. 1:24-cv-21019-WILLIAMS/GOODMAN, 2024 U.S. Dist. LEXIS 149709 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted*, No. 24-21019-CV-WILLIAMS, 2024 U.S. Dist. LEXIS 162419 (S.D. Fla. Sep. 10, 2024). However, the Honorable Judge Goodman noted that the plaintiff's reference to the "Own the Spill" policy "does not automatically put [Carnival] on notice of every transitory substance across all cruise ships at all times." *Id.*

In *Christian v. Carnival Corp.*, the Honorable Judge Goodman found similar allegations concerning Carnival's supposed policies to be deficient. No. 1:24-CV-21436, 2024 U.S. Dist. LEXIS 151567, 2024 WL 4350875, at *5 (S.D. Fla. Aug. 22, 2024), *report and recommendation adopted*, No. 24-21436-CV, 2024 U.S. Dist. LEXIS 177037, 2024 WL 4346329 (S.D. Fla. Sept. 30, 2024) (allegations that a defendant violated its policy of using warning signs are vague and contrary to binding case law when the policy relied upon is not cited nor attached to the complaint). Similarly, in *Love v. Carnival Corp.*, the Court found similar notice allegations to be deficient because the plaintiff "fail[ed] to cite or specify the policies and procedures she relie[d] upon." No. 1:24-cv-24222-WILLIAMS/GOODMAN, 2025 U.S. Dist. LEXIS 70561 (S.D. Fla. Apr. 11, 2025), *report and recommendation adopted*, No. 24-24222-CV-WILLIAMS, 2025 U.S. Dist. LEXIS 85051 (S.D. Fla. May 5, 2025).

Further, Plaintiff purports that because Carnival knows that the hot deck is a dangerous condition, it therefore developed policies and procedures requiring warning signs or other markers

to prevent such injuries. (ECF No. 24 ¶ 18). However, Plaintiff also claims that "[a]t the time of the incident, there were no warning signs . . . in place to alert passengers . . . to the unusually and dangerously high temperature of the surface or the need to keep footwear on at all times[.]" (ECF No. 24 ¶ 15). Here, just as in *Beck v. Carnival Corp.*, "the alleged lack of warning signs in [Plaintiff's] Complaint *supports* Carnival's position regarding the lack of allegations supporting notice of the claimed dangerous condition." No. 23-24636-CIV-MORE, 2024 U.S. Dist. LEXIS 103517, at *7 (S.D. Fla. June 10, 2024).

Moreover, for a warning sign to establish a defendant's notice there must be a connection between the warning and the danger. In *Guevara*, the Eleventh Circuit found, at the summary judgment stage, that a sign that warned passengers to "watch your step" was sufficient evidence that the defendant was on actual or constructive notice of the dangerous condition. 920 F.3d at 721-22. In doing so, the Eleventh Circuit noted that "[n]ot all warning signs will be evidence of notice," because "there must also be a connection between the warning and the danger." *Id.* at 721 (citing *Taiariol v. MSC Crociere S.A.*, 677 F.App'x 599 (11th Cir. 2017)). The Eleventh Circuit in *Guevara* found a sufficient connection between the warning sign and the danger because the plaintiff had alleged that the step itself was the dangerous condition: the "warning sign mean[t] precisely what it says . . . to caution persons on the ship that the step was there." *Id.* (cleaned up). Here, Plaintiff has specifically alleged that there were no warning signs in place to alert passengers to the allegedly high temperature of the deck surface. (ECF No. 24 ¶ 15).

Fourth, Plaintiff alleges that Carnival "had actual and/or constructive notice of the dangerous condition . . . because dangerously hot deck surfaces on exterior upper deck surfaces are a repetitive and recurring issue on [Carnival] cruise ships fleetwide" and the subject deck was a "high traffic" area. (ECF No. 24, ¶¶ 19, 20). In *Watson v. Carnival Corp.*, the plaintiff offered

similar allegations regarding a recurrent spill problem that were found to be deficient. No. 1:24-cv-21019-WILLIAMS/GOODMAN, 2024 U.S. Dist. LEXIS 149709, at *27 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 162419 (S.D. Fla., Sept. 10, 2024). The plaintiff alleged that "Carnival knew that the casino bar area where Plaintiff fell was prone to spills due to the high number of spills in high traffic areas with drinks being served in the casino bar[.]" *Id*.

The Honorable Judge Goodman noted that "this sort of barebones and conclusory allegation is roundly condemned in the Eleventh Circuit." *Watson*, 2024 U.S. Dist. LEXIS 149709, at *27 (citing *Foley v. Carnival Corp.*, No. 23-cv-23025, 2024 U.S. Dist. LEXIS 16806, 2024 WL 361189, at *5 (S.D. Fla. Jan. 31, 2024) ("Plaintiff's statements that [a] defendant had notice of the dangerous condition because of the 'length of time' it existed and because of the 'high traffic nature of the Lido Deck,' with nothing more, are insufficient to allege notice." (quoting *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1110 (S.D. Fla. 2023))). "At bottom, Plaintiff's argument exemplifies the 'general foreseeability theory of liability' warned of in *Navarro*, 2020 U.S. Dist. LEXIS 47953, 2020 WL 1307185, at *4." *Watson*, 2024 U.S. Dist. LEXIS 149709, at *30. "This theory 'has been roundly rejected by federal courts because it would essentially convert a carrier into an insurer of passenger safety.'" *Id.* at *30-31.

Plaintiff also claims that Carnival was on constructive notice because "of prior incidents of burn injuries to passenger's feet caused by dangerously hot exterior deck surfaces on upper decks on multiple cruise ships in [Carnival's] fleet[.]" (ECF No. 24, ¶ 19). In support of his allegations, Plaintiff cites six (6) prior incidents in the FAC. (ECF No. 24, ¶ 19(a-f)). However, the alleged prior incidents are not substantially similar to Plaintiff's alleged incident and should not be considered by this Honorable Court.

"The Eleventh Circuit's 'substantial similarity doctrine' requires a party to provide evidence of 'conditions substantially similar to the occurrence in question' that 'caused the prior accident.'" *Spitza v. Carnival Corp.*, No. 1:24-cv-20279-JLK, 2024 U.S. Dist. LEXIS 107111, at *11 (S.D. Fla. June 17, 2024) (citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)). "Courts have found that prior falls are not substantially similar under this doctrine where those falls did not occur at the same place where the plaintiff at issue fell or otherwise sufficiently identified similar conditions to the ones at issue in the case before the court." *Id.* (quoting *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687, 2018 U.S. Dist. LEXIS 138929, at *23-24 (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287-88 (11th Cir. 2015) (affirming district court's ruling that "evidence of 22 other slip and fall incidents" aboard defendant's vessel did not meet the "substantial similarity doctrine" as none of the falls occurred where plaintiff fell, other injured passengers wore varying styles of footwear, and additional factors were involved)). When comparing allegations of prior incidents, the court considers whether "the two incidents were similar enough to allow the jury to draw a reasonable inference concerning the cruise ship operator's ability to foresee the incident at issue." *Sorrels*, 796 F.3d at 1288 (quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)).

A review of the prior incidents cited by Plaintiff reveals that none of the prior incidents occurred on the same vessel, or class of vessels, as Plaintiff's alleged incident. (ECF No. 24, ¶ 26(a-f)). The *Vista* class is comprised of the Carnival *Vista*, Carnival *Horizon*, Carnival *Panorama*, Carnival *Venezia*, and Carnival *Firenze*. Further, Plaintiff has failed to allege that any of the prior incidents occurred on the same deck or deck surface as Plaintiff's alleged incident. (ECF No. 24, ¶ 19(a-f)). Here, Plaintiff claims that the subject incident occurred on Deck 15 of the Carnival *Horizon*. (ECF No. 24, ¶ 14).

Further, four (4) of the six (6) prior incidents cited by Plaintiff occurred between 2012 to 2014. (ECF No. 24, ¶ 19(c-f)). These prior incidents are too remote in time to establish Carnival's constructive notice, as they occurred more than nine (9) years prior to Plaintiff's alleged incident. *See Jones* F.2d at 661-62 ("Under the substantial similarity doctrine, such evidence is [only] admissible if: (1) the circumstances of the prior incidents are substantially similar to those at issue in the present action and (2) the prior incidents are not too remote in time."). The Eleventh Circuit has said that "[d]etermining the remoteness of evidence is within the trial judge's discretion." *Id.* (citing *Keyes v. School Dist. No. 1*, 521 F.2d 465 (10th Cir. 1975), *cert. denied*, 423 U.S. 1066, 96 S. Ct. 806, 46 L. Ed. 2d 657 (1976)); *see also Love*, 2025 U.S. Dist. LEXIS 70561, at *19-20, *report and recommendation adopted*, 2025 U.S. Dist. LEXIS 85051 (concluding that the "two prior incidents [plaintiff] relie[d] upon occurred approximately six years before Plaintiff's incident and are too remote for purposes of establishing notice.").

In *Kendall v. Carnival Corp.*, the Honorable Judge Moore dismissed the plaintiff's complaint for listing six (6) purported incidents, only one of which took place on the same ship, because plaintiff failed to make specific factual allegations. No. 1:23-cv-22921-KMM, 2023 U.S. Dist. LEXIS 222188, at *9 (S.D. Fla. Dec. 7, 2023). In *Spitza*, the plaintiff alleged that seven (7) prior incidents established Carnival's constructive notice of the alleged dangerous condition. 2024 U.S. Dist. LEXIS 107111, at *4-6. However, the Honorable Judge King found that "[n]one of the prior incidents alleged by the instant Plaintiff were in the same place, nor even on the same ship. Therefore, Plaintiff has not pleaded constructive notice." *Id*. at *10.

Plaintiff's allegations regarding Carnival's notice based on alleged prior incidents fail for additional reasons. Plaintiff has proffered no factual allegations regarding the configuration of the other vessels, (2) the location of the other slip and falls, (3) the construction and material of the

other floors, and (4) the conditions of the common passenger walkway on the day of the incident, allegedly involved in these prior incidents. In *Pollard v. Carnival Corp.*, the Honorable Judge Martinez found that the "[p]laintiff failed to plead facts showing that the prior incidents on other vessels were sufficient to provide [d]efendant constructive notice of the allegedly dangerous condition" because the "[p]laintiff fail[ed] to allege facts that make the connection between her alleged accident and the cited incidents beyond the fact that all the incidents were slip and falls on the gangway of a Carnival ship." No. 24- 20497-CIV-MARTINEZ, 2024 U.S. Dist. LEXIS 186326, at *7-8 (S.D. Fla. Oct. 11, 2024). Similar to Plaintiff here, the plaintiff in Pollard did "not allege sufficient facts that make the incidents substantially similar such as the type of substance she fell on, similar weather conditions, the length of time the substance was present, [and] whether crew members were present[.]" *Id.* at *7.

Fifth, alleging that an area is highly trafficked is not enough to establish notice. (ECF No. 24, ¶ 20). As this Honorable Court stated in *Miller v. Carnival Corp.*, "generic allegations that an area is highly trafficked have been consistently rejected as insufficient to establish notice." No. 23-CV-22738-RAR, 2023 U.S. Dist. LEXIS 207701, at *3 (S.D. Fla. Nov. 16, 2023) (citing *Newbauer*, 26 F.4th at 935-36 (affirming dismissal of claims where plaintiff failed to include factual allegations about the length of time a condition existed or how the condition's placement in a "high traffic dining area" provided the defendant notice)).

Likewise, Plaintiff claims that Carnival was on notice because "a number of agencies have developed safety standards and regulations applicable to this or similar passenger exterior walkways, specifically related to dangerously hot floor surfaces and the required warnings near their presence." (ECF No. 24, ¶ 20). Plaintiff alleges that the "standards in and of themselves constitute supplemental constructive notice that conditions in violation of the standards are

hazardous, a fact which is exacerbated by prior incidents revealing to CARNIVAL that the dangerously hot condition of the walkway exterior floor surface was in fact deficient in these areas." (ECF No. 24, ¶ 20). However, Plaintiff's claim is incorrect.

"The violation of industry standards does not, in itself, establish notice of a dangerous condition." *Kendall*, 2023 U.S. Dist. LEXIS 222188, at * 9 (citing *Francis v. MSC Cruises, S.A.*, No. 21-12513, 2022 U.S. App. LEXIS 26749, 2022 WL 4393188, at *3 (11th Cir. 2022)). Here Plaintiff, similar to the plaintiff in *Kendall*, has failed to identify how and when Carnival allegedly violated the industry standards, and what relation the industry standards have to the alleged dangerous condition in this case. *Id*. at *10.

Plaintiff alleges that Carnival's notice is evinced by "SOLAS regulation II-2/13 which requires CARNIVAL to conduct an analysis of evacuation on cruise ships in order to identify and eliminate potential hazards[.]" (ECF No. 24, ¶ 20(a)). However, SOLAS chapter II-2 deals with construction of ships as it relates to fire protection, fire detection, and fire extinction.[1] Specifically, Regulation 13 concerns means of escape on vessels. A summary of the regulation states: "Providing means of escape so that persons onboard can safely and swiftly escape to the lifeboat and liferaft embarkation deck." The industry standard cited by Plaintiff has no connection to the alleged dangerous condition here. Plaintiff alleges that he sustained severe burns to his right foot when he stepped on the floor surface of Deck 15 of the Carnival *Horizon*. (ECF No. 24, ¶ 14). Plaintiff claims that the deck surface was excessively hot due to exposure to the sun. (ECF No. 24, ¶ 14). Nowhere in the FAC does Plaintiff allege that Carnival failed to provide a means of escape

---

[1] International Maritime Organization, Summary of SOLAS chapter II-2, Construction – Fire Protection, Fire Detection and Fire Extinction (last visited June 10, 2025), https://www.imo.org/en/OurWork/Safety/Pages/summaryofsolaschapterii-2-default.aspx.

so that he could safely and swiftly escape to the lifeboat and liferaft embarkation deck. (ECF No. 24).

Further, Plaintiff claims that Carnival was on notice because of "[o]ther industry standards, which [Carnival] knew or should have known, applicable to providing and maintaining safe walkways and floor materials on its cruise ships, including the HORIZON, under ASTM, the American National Standards Institute (ANSI), and the ISM Code and Regulations." (ECF No. 24, ¶ 20(b)). Again, Plaintiff proffers no factual allegations demonstrating how these unspecified standards apply to the alleged dangerous condition here or how Carnival violated these standards. As such, these allegations should not be considered by this Honorable Court.

In *Holland*, the plaintiff also claimed that various safety agencies had "developed safety standards applicable to [the] staircase [at issue]," which "in and of themselves constitute[d] constructive notice that conditions in violation of th[ose] standards are hazardous." 50 F.4th at 1092. Just as in *Holland*, the allegations surrounding the supposed safety standards are too general and vague to establish Carnival's notice of the alleged dangerous condition here. *Id.* at 1096 (citing *Iqbal*, 556 U.S. at 678); *see also Francis*, 546 F. Supp. 3d at 1266, *aff'd*, 2022 U.S. App. LEXIS 26749, 2022 WL 4393188 ("[I]n order for the industry standards to put a defendant on notice of an alleged dangerous condition . . . a plaintiff must put forth evidence of industry standards related to the timing or frequency of a required inspection and such evidence must raise a reasonable inference that the cruise line should have known about an allegedly dangerous condition.").

In *Beck*, the plaintiff failed to allege notice by pointing out the "applicable industry standards and Carnival's own internal policies note that lips and rises in the edges like the one created [in that case] are hazardous." 2024 U.S. Dist. LEXIS 103517, at *1-2. Specifically, "that the elevated rise and lip of the gangway [did] not comply with either [Carnival]'s known internal

policies nor industry safety standards." *Id*. at \*6. The Court found that her "reliance on '[a]pplicable industry standards and [Carnival's] own internal policies' to show notice [was] insufficient. No specific policy or standard that allegedly put Carnival on notice of the purported dangerous condition [was] noted." *Id*. at \*7. The Court dismissed the three claims because "the complaint contains only 'fact-free, wholly conclusory, boilerplate allegations' that Carnival knew or should have known about the allegedly dangerous condition." *Id*. at \*7-8 (citing *Rosenberg v. NCL (Bahamas) Ltd.*, 2023 U.S. Dist. LEXIS 17375, 2023 WL 1466858, at \*2 (S.D. Fla. Feb. 2, 2023)).

In *Miller*, the plaintiff tried establishing constructive notice by "alleging (1) there were prior incidents that are substantially similar; (2) the area is 'high-traffic;' and (3) Defendant knew or should have known about certain industry safety guidelines. Each of th[ose]attempts fail[ed] to sufficiently plead constructive notice." No. 23-CV-22738-RAR, 2023 U.S. Dist. LEXIS 207701, at \*3. This Honorable Court found that the notice allegations related to industry standards were conclusory. This Court held that the plaintiff "fail[ed] to connect how the condition at issue violated such standards, if at all." *Miller*, 2023 U.S. Dist. LEXIS 207701, at \*4. As such, Counts I, II, and III of Plaintiff's FAC should be dismissed because Plaintiff has failed to proffer sufficient factual allegations to establish Carnival's notice.

### b. Plaintiff's Claims are Duplicative

Counts I and II of Plaintiff's FAC advance duplicative causes of action. (ECF No. 24, ¶ 22-28, 29-35). "In the interest of judicial economy a court 'should dismiss claims that are duplicative of other claims.'" *Harris v. Carnival Corp.*, No. 22-22317-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 178250, at \*7 (S.D. Fla. Sep. 29, 2022) (quoting *Manning v. Carnival*

*Corp.*, No. 12-22258-Civ, 2012 U.S. Dist. LEXIS 128835, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012)).

In a slip and fall case, the plaintiff asserted claims for negligent-failure-to-properly-clean and negligent-failure-to-maintain-and-inspect against Carnival. *Harris v. Carnival Corp.*, No. 22-22317-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 178250 (S.D. Fla. Sep. 29, 2022). The Court considered the claims "nearly identical" because both alleged that Carnival "failed 'to maintain the subject casino floor in a reasonably safe condition' because of 'improper cleaning[.]'" *Id*. Because the plaintiff's negligent-failure-to-properly-clean claim "appear[ed] to be a narrower rephrasing" of the negligent-failure-to-maintain-and-inspect claim, the court dismissed the claims "in the interest of judicial economy." *Harris v. Carnival Corp.*, No. 22-22317-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 178250, at *7 (S.D. Fla. Sep. 29, 2022).

In *Miller*, the court also found that the plaintiff's failure to maintain and failure to correct claims were duplicative. Accordingly, the court recommended that the plaintiff "subsume[] [both claims] into a single count because they . . . plead nearly indistinguishable causes of action." Miller, 2023 U.S. Dist. LEXIS 207701, at *4. As such, the Court dismissed the plaintiff's failure to warn claim. *Id*. The court granted Carnival's motion to dismiss, and the plaintiff was given leave to amend her complaint. *Id*.

Here, Count I alleges that Carnival failed to maintain the subject deck in safe condition, failed to inspect the subject area, failed to detect and eliminate conditions that posed a risk to passengers, and failed to install protective materials, coverings, or shading in areas known to become dangerously hot. (ECF No. 24, ¶ 27(a-d)). Count II alleges that Carnival failed to inspect and monitor the condition of the subject deck surface and/or rectify, repair, cordon off, or otherwise ameliorate the dangerously overheated exterior deck surface. (ECF No. 24, ¶ 34(a-b)). Count II is

a mere rephrasing of Count I. Both counts encompass the same breaches of duty alleged by Plaintiff—maintenance, inspection, detection, prevention, and remediation. Both counts rely on the same hazard, the same alleged omissions, and the same injury risk. Count II is simply a narrower restatement of Count I, adding no distinct allegations of facts, duties, or damages. As such, Count II should be dismissed as duplicative.

Ultimately, Carnival respectfully requests that Plaintiff's FAC be dismissed with prejudice as Plaintiff's FAC continues to be deficient and Plaintiff should not be afforded continual opportunities to file a proper Complaint. *See Patton*, 2024 U.S. App. LEXIS 10441, at *8 (affirming district court's dismissal of the plaintiff's amended complaint) *Holland*, 50 F. 4th at 1097 (affirming district court's dismissal of the plaintiff's amended complaint with prejudice); *Newbauer*, 26 F.4th at 936 (affirming district court's dismissal of plaintiff's amended complaint with prejudice); *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x. 925, 929-30 (11th Cir. 2016) ("We do not . . . require . . . leniency [in allowing opportunities to amend] where a plaintiff has been represented by counsel. We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint."); *Cornelius v. Bank of Am., NA*, 585 Fed. App'x. 996, 1000 (11th Cir. 2014) ("[T]he subject complaint was Cornelius's second attempt to make a legally cognizable claim. . . . Because Cornelius already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance.").

**WHEREFORE**, Defendant, CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES, respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice and for all other relief it deems just and proper. Dated: June 10, 2025.

Respectfully submitted,

*/s/ Henry A. Yaniz*
**DAVID J. HORR**
Florida Bar No.: 310761
dhorr@admiral-law.com
**JUAN C. PEREZ, JR.**
Florida Bar No.: 91581
jperez@admiral-law.com
**HENRY A. YANIZ**
Florida Bar No.: 1049169
hyaniz@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Henry A. Yaniz*
**HENRY A. YANIZ**
Florida Bar No.: 1049169

## SERVICE LIST

| | |
|---|---|
| **PHILLIP M. GERSON**<br>Florida Bar No.: 127290<br>pgerson@gslawusa.com<br>**EDWARD S. SCHWARTZ**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**NICHOLAS I. GERSON**<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>**DAVID L. MARKEL**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>filing@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, FL 33145<br>Telephone: (305) 371-6000<br>Facsimile:  (305) 371-5749<br>***Attorneys for Plaintiff*** | **DAVID J. HORR**<br>Florida Bar No.: 310761<br>dhorr@admiral-law.com<br>**JUAN C. PEREZ, JR.**<br>Florida Bar No.: 91581<br>jperez@admiral-law.com<br>**HENRY A. YANIZ**<br>Florida Bar No.: 1049169<br>hyaniz@admiral-law.com<br>HORR, SKIPP & PEREZ, P.A.<br>Two Datran Center, Suite 1700<br>9130 South Dadeland Boulevard<br>Miami, FL 33156<br>Telephone: (305) 670-2525<br>Facsimile: (305) 670-2526<br>***Attorneys for Defendant*** |