**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-23898-RAR**

**DONALD BLANTON**,

      Plaintiff,

v.

**CARNIVAL CORPORATION**,
*d/b/a* **CARNIVAL CRUISE LINES**,

      Defendant.

_____/

## <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

**THIS CAUSE** comes before the Court on Defendant's Motion for Reconsideration of the Court's Paperless Order Granting Plaintiff's Opposed Motion for Leave to File Second Amended Complaint ("Motion for Reconsideration"), [ECF No. 40], filed on July 25, 2025.  The Court, having reviewed the record and being otherwise fully advised, **DENIES** the Motion for the reasons set forth below.

On July 7, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint ("Motion for Leave"), [ECF No. 34].  In support of the Motion for Leave, Plaintiff alleged that "Defendant's court-ordered discovery responses revealed additional substantive information giving rise to new claims, including . . . negligent selection, negligent design, and vicarious liability."  Mot. for Leave at 2.  Plaintiff therefore requested leave "to assert additional causes of action and to incorporate" the disclosure of various incidents that Defendant disclosed in discovery.  *Id.* at 3.  While the deadline for Plaintiff to amend its pleadings had already passed, the Court granted Plaintiff leave to amend in a Paperless Order, [ECF No. 35], reasoning that "the newly discovered amendment that Plaintiff includes in the Second Amended Complaint appears

to expand on the same general facts and conduct Plaintiff has pled in prior Complaints," and that there would be little prejudice to Defendant as a consequence. *See* Paperless Order. In doing so, the Court relied on the general principle that "Rule 15(a) reflects a policy of 'liberally permitting amendments' and, absent a 'substantial reason to deny leave to amend,' a plaintiff's request should be granted." *Id.* (citing *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984)).

Defendant filed its Motion for Reconsideration of the Court's Paperless Order on July 25, 2025. The Motion for Reconsideration presents three reasons to reconsider the Paperless Order and thereby strike Plaintiff's filed Second Amended Complaint, [ECF No. 37]. For one, the Motion suggests that the Court erred in allowing Plaintiff leave to amend past the deadline established in the Court's Scheduling Order, [ECF No. 14]. *See* Mot. for Reconsideration at 4–5. For another, the Motion asserts that Plaintiff's counsel was aware of the new factual allegations in the Second Amended Complaint since the initiation of this litigation; accordingly, that evidence cannot be considered "newly discovered," and Plaintiff has thereby misrepresented the nature of said evidence to the Court. *Id.* at 5–10. Finally, Defendant appears to suggest that Plaintiff used artificial intelligence in its Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [ECF No. 32], because "[m]ultiple citations in the Response misrepresented the holdings or conclusions of those opinions and Plaintiff's counsel misquoted one case entirely." *Id.* at 10. Defendant argues that the *potential* use of artificial intelligence in papers that were not considered when the Court granted its Paperless Order has prejudiced Defendant.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Three major grounds justify reconsideration: (1) an intervening change in

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).  As Defendant notes, "[f]or a motion for reconsideration to be granted, the moving party must show 'extraordinary circumstances' justifying relief." *Popham v. Cobb Cnty.*, 392 F. App'x 677, 681 (11th Cir. 2010) (citation omitted)).

Defendant has failed to establish extraordinary circumstances warranting reconsideration of the Court's Paperless Order Granting Leave to Amend.  At its most fundamental, the fact that the Court granted leave to amend after the Scheduling Order's deadline is not an "extraordinary circumstance" justifying reconsideration, as the Court may freely grant leave when justice so requires and may liberally grant amendments pursuant to Rule 15(a).

Defendant's second argument—that none of the evidence Plaintiff used in support of its Motion for Leave was "newly discovered"—also does not warrant reconsideration.  The mere fact that Plaintiff's counsel "has filed a multitude of lawsuits" in the past against Defendant, *see* Mot. for Reconsideration at 8, does not suggest that Plaintiff *in this case* has been aware of Defendant's policies and procedures.  And while Defendant points to a pre-suit July 1, 2024, representation letter that indicates Plaintiff was "aware that Carnival had policies and procedures in place to prevent incidents like Plaintiff's alleged incident from happening," *id.* at 7, a pre-suit representation made without the benefit of discovery cannot conclusively indicate that Plaintiff was aware of certain policies and procedures from the inception of this suit.

What's more, it is unclear whether the interrogatories to which Defendant points wholly foreclose Plaintiff's rationale for filing a Second Amended Complaint.  For example, Defendant's

answer to Plaintiff's interrogatory indicating that it does not "train crewmembers to inspect for deck surface temperature," *id.* at 7–8, does not necessarily limit Plaintiff's subsequent claim in the Second Amended Complaint that Defendant's "trainings include programs that are specifically applicable to the inspection, maintenance, and the provision of warnings to guests regarding hazards and burn prevention on the exterior decks and walkways." Second Am. Compl. ¶ 63. At bottom, none of these arguments wholly counter Plaintiff's representation that he became aware of new evidence through discovery relating back to initiating facts. Nor do they suggest that Plaintiff misrepresented any evidence he purportedly had before the Court. In other words, none of these circumstances are extraordinary enough to meet the threshold for reconsideration.

Defendant also makes serious accusations—without a concurrent motion for sanctions—that Plaintiff's counsel has misrepresented matters before the Court and has used artificial intelligence or "fake cases" in doing so. The Court recognizes the gravity of these accusations, but they are irrelevant to the Motion for Reconsideration for several reasons.

First, the incorrect citations to which Defendant refers are in a Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Response in Opposition"), [ECF No. 32], and the Court has already dismissed that Motion to Dismiss, [ECF No. 26], as moot. Put differently, the incorrect citations are irrelevant to this matter, because Plaintiff did not use them in his Motion for Leave, and the Court did not consider them in issuing its Paperless Order.

Second, it is entirely unclear whether Plaintiff's counsel has *actually* used artificial intelligence. While the use of incorrect citations may be the work of artificial intelligence, it could just as easily be the byproduct of inept lawyering and poor legal drafting. Such inept lawyering—which Plaintiff's counsel appears to have demonstrated in their Response in Opposition—is certainly unbecoming, and counsel would do well to perform basic, first-year legal tasks in the

future, including, but not limited to, cite checking and corroborating caselaw.  But incompetence is not artificial intelligence.  And basic legal errors—however inane—do not rise to the level of blatant and intentional misrepresentations.  If Defendant believes that Plaintiff's counsel is using artificial intelligence in court filings, it should file a Motion for Sanctions.  But neither Defendant, Plaintiff, nor any party before the Court should *immediately* presume that opposing counsel acts in bad faith by using artificial intelligence because they engage in careless, sloppy work.

Because Defendant does not present extraordinary circumstances to warrant relief, Defendant's Motion for Reconsideration, [ECF No. 40], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 26th day of July, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**