**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-23898-RAR**

**DONALD BLANTON,**

      Plaintiff,

v.

**CARNIVAL CORPORATION**
*d/b/a* **CARNIVAL CRUISE LINES,**

      Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon Defendant Carnival Corporation's ("Carnival") Motion for Summary Judgment ("Def.'s Motion"), filed on March 3, 2026, [ECF No. 149], and Plaintiff Donald Blanton's Motion for Partial Summary Judgment ("Pl.'s Motion"), [ECF No. 152].[1] The Court held a hearing on the Motions on March 31, 2026 ("Hearing"), [ECF No. 209]. Having carefully considered the relevant submissions and applicable law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, [ECF No. 149], is **GRANTED in part** and Plaintiff's Motion for Partial Summary Judgment, [ECF No. 152] is **DENIED**, as set forth below and on the record at the Hearing.

---

[1] The Motions are fully briefed and ripe for adjudication. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. ("Pl.'s Resp.") [ECF No. 185]; Def.'s Reply to Pl.'s Resp. in Opp'n to Def.'s Mot. ("Def.'s Reply"), [ECF No. 201]; Def.'s Resp. in Opp. Pl.'s Mot. ("Def.'s Resp."), [ECF No. 182]; Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. ("Pl.'s Reply"), [ECF No. 200].

**BACKGROUND**[2]

This action arises from injuries sustained by Plaintiff on Deck 15 of the Carnival Horizon.[3] After he was seated in a lounge chair on the open deck, Plaintiff got up to put on his shoes, stepping onto the hot deck made of API Syntheteak polyresin flooring.  Def.'s SMF ¶ 2; Pl.'s Opp. Def.'s SMF ¶¶ 1–2.  And, "[i]n the interval of time it took for [him] to put on his shoes the bottom of his right foot was burned."  Third Am. Compl. ("Compl."), [ECF No. 165], ¶ 16.  However, due to his neuropathy issues, Plaintiff was unaware of his injury until later that day.  Def.'s SMF ¶ 10; Pl.'s Opp. Def.'s SMF ¶ 10.  Plaintiff alleges that he suffered severe burns on his right foot, and has experienced complications from the wounds, including an infection and hospitalization, which resulted in the amputation of his right leg below the knee.  Compl.  ¶¶ 17-18.  These injuries have permanently and significantly affected his life, causing him to suffer economic damages and mental anguish.  Compl. ¶ 18.

Plaintiff alleges six counts: (I) Negligent Failure to Maintain (Direct Liability); (II) Negligent Failure to Maintain (Vicarious Liability); (III) Negligent Failure to Warn (Direct Liability); (IV) Negligent Failure to Warn (Vicarious Liability); (V) Negligent Training of Personnel (Direct Liability); and (VI) Negligent Approval, Adoption, and Selection of Design, Construction and Materials (Direct Liability).  Defendant seeks summary judgment on all counts, on the grounds that Plaintiff "produced no record evidence proving any of his negligence claims against Carnival."  Def.'s Mot. at 4.  Plaintiff seeks partial summary judgment on the issue of

---

[2]  Because the Court writes only for the parties who are already familiar with the facts, the facts set out herein are only those that are relevant to the legal issues.

[3]  The date on which Plaintiff's injury allegedly occurred is a disputed fact.  While Plaintiff alleges that it occurred on September 17, 2023, Defendant maintains that it occurred on September 18, 2023.  *See* Def.'s Statement of Material Facts ("Def.'s SMF"), [ECF No. 148] ¶ 1; Pl.'s Opp. To Def.'s Statement of Material Facts ("Pl.'s Opp. Def.'s SMF"), [ECF No. 184] ¶ 1.

whether the high temperature of the deck was open and obvious; Plaintiff maintains that "[t]here is no record evidence advanced by the Defendant that the condition was open or obvious that API floors can reach temperatures in excess of 130 degrees Fahrenheit."  Pl.'s Mot. at 9–10.

## **LEGAL STANDARD**

*Summary Judgment*.  Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  FED R. CIV. P. 56(c).  In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted). The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

If the moving party shoulders its initial burden, the burden shifts to the non-moving party to "demonstrate the existence of evidence that would support a verdict in its favor." *United of Omaha Life Ins*, 894 F.2d at 1557 (citing *Celotex*, 477 U.S. at 322-23).  "If reasonable minds might differ on the inferences arising from undisputed facts, then [a court] should deny summary judgment." *Hinesville Bank v. Pony Exp. Courier Corp.*, 868 F.2d 1532, 1535 (11th Cir. 1989).

*Maritime Law.*   General maritime law governs this action because it "aris[es] from [an] alleged tort[ ] committed aboard a ship sailing in navigable water."   *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019).   To prevail on a maritime negligence claim, Plaintiff must show "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm."   *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (quotation omitted).   A cruise ship operator owes to its passengers the duty of exercising "ordinary reasonable care under the circumstances."   *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).   In order to demonstrate that the carrier had a duty with respect to a dangerous condition, "the carrier [must] have had actual or constructive notice of the risk-creating condition[.]"   *Id.*   "Actual notice exists when the defendant knows about the dangerous condition."   *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (citations omitted).   Constructive notice exists when either: (1) "the defective condition existed for a sufficient period of time to invite corrective measures"; or (2) "substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accidents.'"   *Id.* at 1096 (internal citations and quotations omitted).

### **ANALYSIS**

As noted herein, Defendant seeks summary judgment as to all counts of Plaintiff's Complaint.   Plaintiff, in his Response, concedes that "[t]he extensive discovery conducted in this case has since shown that Plaintiff cannot point to a specific crewmember or category of crewmembers that was negligent.   Plaintiff also concedes that there is nothing in the record to support a negligent design or negligent training claim."   Pl.'s Resp. at 19.   Summary judgment is thus warranted as to Counts II, IV, V, and VI—Negligent Failure to Maintain (Vicarious Liability),

Negligent Failure to Warn (Vicarious Liability), Negligent Training of Personnel, and Negligent Approval, Adoption, and Selection of Design, Construction and Materials, respectively.

Accordingly, only Counts I and III remain—Negligent Failure to Maintain (Direct Liability) and Negligent Failure to Warn (Direct Liability), respectively.  As to these remaining counts, summary judgment is inappropriate because Defendant has failed to demonstrate the absence of a genuine issue of material fact as to (I) whether Defendant had constructive notice; (II) whether the condition was open and obvious; and (III) whether Defendant's injuries were caused by the hot deck made of API Syntheteak polyresin flooring.

### I. Evidence of Dangerous Condition

As a threshold matter, Defendant asserts that there is no evidence of a dangerous condition. According to Defendant, "Plaintiff's entire case hinges on the *speculative* assertion that the subject deck flooring was so unreasonably hot that Plaintiff suffered a burn in approximately one minute when he stood barefoot on the deck . . . but there are no witnesses and there is no evidence to confirm this belief." Def.'s Mot at 7.  Defendant relies on a Supreme Court of Kentucky case, *City of Barbourville v. Hoskins*, 655 S.W.3d 137 (Ky. 2022), where an individual afflicted by a similar issue as Plaintiff (diabetic neuropathy) suffered a burn and the Court granted summary judgment because "the allegedly sun-heated sidewalks did not pose an unreasonable risk of harm and the injury she sustained was not foreseeable." Def.'s Mot at 8.  But this state supreme court case is not binding on this Court.

Plaintiff counters that "Carnival has known that its API Syntheteak decks can become hot enough to burn diabetics' feet at least as early as 2014," relying on a case where an individual onboard a Carnival ship alleged that the deck had "become so extremely hot that day that it had burned sections of the skin on the soles of both his feet." Pl.'s Resp. at 8 (quoting *Golden v.*

*Carnival Corp.,* No. 14-24899, 2016 WL 11547358, at *1 (S.D. Fla. Mar. 18, 2016)).  Accordingly, the record evidence in this case, when taken in the light most favorable to Plaintiff, establishes that disputed issues of material fact remain as to whether there existed a dangerous condition.  In other words, given that Plaintiff has provided evidence in the form of similar cases and prior incidents, as discussed in greater detail below, a "reasonable trier of fact could return judgment for Plaintiff as non-movant" as to whether there is "evidence of a dangerous condition[.]"  *See Martin-Viana v. Royal Caribbean Cruises Ltd.*, 733 F. Supp. 3d 1308, 1339 (S.D. Fla. 2024) (holding that "Defendant is not entitled to summary judgment with respect to the lack of evidence of a dangerous condition.").

## II.  Notice

Defendant fails to demonstrate the absence of a genuine issue of material fact as to notice. With respect to the duty element of a claim for negligence in the maritime context, "the duty of exercising reasonable care towards those lawfully aboard the vessel . . . requires [] that the carrier have had actual or constructive notice of a risk-creating condition."  *Holland*, 50 F.4th at 1094 (internal quotations and citations omitted).

With regards to actual notice, Defendant asserts "there is no record evidence that Carnival had actual knowledge [of] what the temperature of the subject deck flooring was on the date of the alleged incident."  Def.'s Mot. at 13.  Specifically, "[b]oth Plaintiff and his fiancée admit that no Carnival crewmember said anything about the deck surface temperature, that they saw no warning signage on the vessel related to deck surface temperature, and that they did not know what the deck surface temperature was on the date of the alleged incident."  *Id*.  Accordingly, it is clear no actual notice exists because Defendant did not know about the dangerous condition.  *See Holland*,

50 F.4th at 1095 ("Actual notice exists when the defendant knows about the dangerous condition.").

However, Carnival may have had constructive notice of the dangerous condition. Constructive notice exists when "substantially similar incidents occurred in which conditions substantially similar to the occurrence in question must have caused the prior accident[.]" *Id.* at 1096 (citations and internal quotations omitted). Here, Plaintiff and Defendant both agree that "[d]uring discovery, Carnival disclosed twenty (20) prior incidents involving passengers allegedly burning their feet on open decks across Carnival's entire fleet of vessels for five (5) years prior to Plaintiff's alleged incident." Def.'s Mot. at 14; *see also* Pl.'s Resp. at 9 ("Defendant disclosed 20 incidents of passengers burning their feet on open Syntheteak-surfaced decks, including one on the Horizon."). But Defendant maintains that these 20 prior incidents are not substantially similar because they did not occur on the same ship, nor did they occur on the same deck as the incident. *See* Def.'s Mot. at 14–15.

Here, the relevant question to determine whether substantial similarity exists is whether "the [] incidents were similar enough to allow the jury to draw a reasonable inference" concerning Defendant's ability to foresee this type of injury. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288 (11th Cir. 2015) (quoting *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 755 (11th Cir. 1985)). The "'substantial similarity' doctrine does not require identical circumstances." *Id.* at 1288. The fact that prior incidents occurred on different ships and in different locations does not negate constructive notice because the material at issue in all prior incidents—API Syntheteak—was the <u>same</u> as the one at issue here. Indeed, these substantially similar incidents may permit a jury to draw "a reasonable inference concerning [Defendant's] ability to foresee this type of [accident] and its results." *Williford v. Carnival Corp.*, No. 17-21922, 2019 WL 6250824, at * 3

(S.D. Fla. Nov. 22, 2019) (quoting *Sorrels*, 796 F.3d at 1288 (internal quotations omitted)). Accordingly, summary judgment on constructive notice must be denied.

### III.   Open and Obvious

The "operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (citation omitted). Defendant argues that Plaintiff's negligent failure to warn claim cannot be maintained because "[t]he temperature of a sunexposed deck is an open and obvious condition that the millions of passengers would be able to appreciate through use of their ordinary senses." Def.'s Mot. at 21. Plaintiff counters that "[o]pen and obvious, in the sense asserted by Defendant, refers to a circumstance such that a reasonable person would perceive and appreciate not only the presence of the relevant dangerous condition, but also the *nature and extent* of the danger that condition creates." Pl.'s Resp. at 12 (emphasis added). Indeed, "[a] dangerous condition is not open and obvious where a reasonable person may be aware of the dangerous condition, but the *extent* of the danger is unreasonable or unforeseeable." *Yusko v. NCL (Bah.) Ltd.*, 424 F. Supp. 3d 1231, 1236 (S.D. Fla. 2020) (emphasis added).

Here, though the sun-exposed floor deck may have been open and obvious, it is an issue of fact whether "a reasonable jury could conclude that the degree of [heat] on the deck was not open and obvious." *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 953 (11th Cir. 2016). Defendant relies on *Foster v. Royal Caribbean Cruises Ltd.*, a case where the court granted summary judgment on the grounds that "[i]n the extreme circumstances of [the] case . . . it [is] beyond peradventure that a reasonable person in Foster's position—using his ordinary perceptions of heat and pain—would have recognized that his prolonged exposure to a very hot pool deck could have burned his feet." 812 F. Supp. 3d 1294, 1301 (S.D. Fla. 2025). This case, however, is readily

distinguishable.  In *Foster*, "[Plaintiff] was in physical contact with the deck for over a minute, [] he knew that it was very hot, and [] he continued to perform *for three separate judges* anyway[.]" *Id.* at 1300 (emphasis in original).  Plaintiff here, however, was in contact with the hot surface for a much shorter length of time.  And though Defendant points to statements from Plaintiff's deposition testimony that indicate he may have felt some heat, *see* Def.'s Reply at 10, it is for a jury to evaluate Plaintiff's testimony and make the appropriate inferences and credibility determinations.  *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012) ("Where a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper.").

Similarly, Plaintiff seeks partial summary judgement only as to the fact that the condition was not open and obvious.  *See generally*, Pl.'s Mot.  However, for the reasons stated herein, a reasonable jury could also find that the dangerous condition *was* open and obvious.  Accordingly, summary judgment on this issue is unwarranted for both Plaintiff and Defendant.

## IV.  Causation

Lastly, Defendant contends that there is no record evidence of causation, given that "Plaintiff's entire case is based on the speculative belief that he burned his right foot on the subject deck flooring."  Def.'s Mot. at 26.  Defendant's theory is that the blister on Plaintiff's right foot was not caused by a thermal burn.  Def.'s Mot. at 28.  "When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."  *Rivera v. Royal Caribbean Cruises Ltd.,* 711 F. App'x 952, 954 (11th Cir. 2017).  Here, the record evidence cuts both ways as to whether the injury was caused by a burn or something different altogether because both Plaintiff and Defendant offer expert witnesses with different theories as to the source of Plaintiff's injury.

Some experts point to the fact that the wound could have been initially caused by a burn. For example, Dr. Randall Contento, Plaintiff's treating podiatrist, testified that he believes it "is likely the burn caused a large wound on the bottom of [Plaintiff's] foot." Pl.'s Resp. at 18. Defendant disagrees with the characterization of this statement, instead pointing to the fact that Dr. Contento noted that the wound *could* have been caused by a burn. Reply at 14–15. However, regardless of Dr. Contento's precise characterization of Plaintiff's injury, a burn was not ruled out by this expert witness. Further, Dr. Jennifer Nara, Carnival's forensic pathology expert, testified that "she could not rule out a contact burn," and "[o]ne of the doctors at the Caromont Regional Medical Center diagnosed the wound on Plaintiff's right foot as a second-degree burn." Pl.'s Resp. at 18; Def.'s Reply at 15.

In opposition, Defendants point to expert evidence that the injury was caused by a friction blister, not a burn. For example, Dr. Eckersley, Carnival's liability expert, concluded that Plaintiff's "diagnosed blister and subject incident description are inconsistent with the biomechanics associated with a contact burn blister." Def.'s Mot. at 27. Instead, Plaintiff's "diagnosed blister and incident description are consistent with the biomechanics associated with a shear force blister." *Id*. (internal citations omitted). And Dr. Nara stated that the "wound on the plantar surface of [Plaintiff's] right foot is not consistent with a contact burn sustained while standing or walking on a hot surface, such as a cruise ship deck." *Id*. (internal citations omitted).

Ultimately, the existence of competing expert testimony creates a genuine issue of material fact, thereby precluding summary judgment on the issue of causation. *See Hoff v. Steiner Transocean, Ltd.*, No. 12-22329, 2014 WL 273075, at *6 (S.D. Fla. Jan. 24, 2014) ("[C]ausation is undoubtedly in dispute, and it is the factfinder's duty to assess the witnesses' credibility. Such conflicting evidence must be left for the jury's determination.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, [ECF No. 149], is **GRANTED** in favor of Defendant with respect to Counts II, IV, V, and IV, and **DENIED** with respect to Counts I and III.  And Plaintiff's Motion for Partial Summary Judgment, [ECF No. 152] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**